UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| JOHN ROBERT CAMERON, ) | Case No. 6:05-bk-10631-KSJ | |
| ) | Chapter 7 | |
| Debtor. ) | | |
| ) | | |
| CARLA P. MUSSELMAN, Chapter 7 ) | | |
| Trustee, ) | | |
| ) | Adversary No. 6:06-ap-80 | |
| Plaintiff, ) | | |
| vs. ) | | |
| ) | | |
| KIMBERLY ANN CAMERON, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

## MEMORANDUM OPINION PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO DISMISS

This adversary proceeding came on for hearing on September 21, 2006, on the defendant's Motion to Dismiss Amended Complaint (Doc. No. 24). The defendant, Kimberly Ann Cameron, is the wife of the debtor, John Robert Cameron. Within one year preceding the filing of this bankruptcy case, on September 15, 2005, the debtor made three sizeable transfers of money to his wife. She used these funds together with other monies to purchase two separate homes in her name solely (the "Property"). One of the three transfers, in the amount of $65,000, was obtained when the debtor borrowed money secured by his residence. The monies were paid to the debtor; he then deposited the monies into his individual bank account, and shortly thereafter transferred the $65,000 to his wife, the defendant, to buy one of the new homes.

The appointed Chapter 7 trustee, Carla P. Musselman, has filed this adversary proceeding asserting eight separate counts. The first four counts against the defendant are to recover alleged fraudulent transfers in connection with her use of the debtor's funds to purchase the Property.

Counts V and VI assert an equitable lien against the Property. Counts VII and VIII assert a constructive trust encumbering the Property.

The defendant seeks to dismiss each of these counts arguing that each of the counts fails to state a claim upon which relief can be granted. In considering such motions to dismiss, the reviewing court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Financial Security Assur., Inc. v. Stephens, Inc., 450 F.3d 1257, 1262 (11th Cir. 2006) (citing Roberts v. Fla. Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Financial Security, 450 F.3d at 1262 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, 'exceedingly low.' " Financial Security, 450 F.3d at 1262 (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir.1985) (citing Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11th Cir.1983)). "That said, 'while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " Financial Security, 450 F.3d at 1262 (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A, 1981)).

In this motion to dismiss and as to the first four counts, the defendant argues that the trustee has failed to state a cause of action for fraudulent transfer in connection with the $65,000 transfer obtained when the debtor borrowed against the equity in his residence. The defendant's

argument is simply that the debtor's residence is fully protected by Florida's constitutional homestead provisions and, therefore, all of the value or equity in the residence falls outside of the reach of the Chapter 7 trustee and the debtor's creditors.  Accordingly, the defendant argues, if the debtor chooses to cash out $65,000 in equity and give it to his wife, creditors are not harmed because they could not have otherwise reached these monies and no fraudulent transfer could have occurred.

The defendant's argument has two problems.  First, the debtor, Mr. Cameron, has not yet demonstrated that his residence is exempt from the claims of the trustee or his creditors.  At the time of the hearing on the motion to dismiss, the debtor had filed an initial Schedule C that listed a number of items of personal property exempt; however, he did not claim his residence exempt.  However, after the hearing, the debtor filed an Amended Schedule C (Doc. No. 32).  In this amended schedule, he, for the first time, claimed his residence in Palm Coast as exempt.  The trustee has objected to this claim of exemption (Doc. No. 33), and the debtor has filed a response contesting this objection.  As such, at this time, whether or not the residence is exempt from the claims of creditors has not been definitively established.

However, even if the residence later is determined to be exempt, the defendant's argument still fails because the monies arguably lost any exempt status when the debtor placed the $65,000 loan proceeds in his personal bank account prior to their transfer to his wife.  At the time of this deposit and transfer, the debtor had no intention to buy a substitute or replacement homestead. In this circumstance, whether or not the monies temporarily deposited into the debtor's individual bank account retain or forfeit their exempt status upon transfer is questionable.  Indeed, the defendant did not cite a single case in support of her position that a temporary deposit of funds would somehow preserve the exempt nature of the monies.  As such,

in connection with Counts I through IV relating to the alleged fraudulent transfer of $65,000 loan proceeds to the debtor's wife, the motion to dismiss is denied.

Next, the defendant asserts that the plaintiff has failed to state a cause of action to either impose an equitable lien or for a constructive trust in Counts V through VIII of the Amended Complaint (Doc. No. 22). The Court agrees.

As to Counts V and VI, the Chapter 7 trustee asserts that she is entitled to an equitable lien against the Property. An equitable lien must be specifically pled and proven. An equitable lien may arise from written contracts that show an intention to charge some particular property with a debt or obligation. Equitable liens may also be declared by a court of equity out of general considerations of right or justice as applied to the relationship of the parties and the circumstances of their dealings. Ross v. Gerung, 69 So.2d 650 (Fla. 1954). To be entitled to an equitable lien, there must be circumstances such as fraud or misrepresentation of material facts upon which the plaintiff specifically relied in good faith or there must be an agreement by the owner of the property to have certain property stand as security for a specific obligation. Jennings v. Connecticut General Life Insurance Co., 177 So.2d 66 (Fla. 2d DCA 1965).

The Eleventh Circuit Court of Appeals in their recent decision of In re Chauncey, 454 F.3d 1292, 1294 (11th Cir. 2006), explained when an equitable lien may be imposed under Florida law and concluded that only monies *obtained* through fraud or egregious conduct may permit the imposition of an equitable lien. The fact that monies rightfully obtained were *used* for an improper purpose is not enough to justify the imposition of an equitable lien. The key is how the monies were obtained, not how they were used. In re Johnson, 336 B.R. 568, 572 (Bankr.S.D.Fla.2006) ("It is now clearly established that the imposition of an equitable lien against homestead property is limited to those circumstances wherein the owner of the property

has acquired proceeds by fraud or reprehensible conduct to either invest in, purchase, or improve the homestead.") (citing Havoco of America, Ltd. v. Hill, 790 So.2d 1018, 1028 (Fla.2001)).

Here, there is no question that the debtor lawfully borrowed monies secured by a mortgage on his residence. He did nothing wrong in obtaining the funds. Rather, the allegation is that he used the funds for an improper purpose and with the intent to hinder, delay, or defraud his creditors. Because the trustee challenges the use, not the acquisition, of the funds, she has failed to state a claim upon which an equitable lien could be imposed. As such, Counts V and VI shall be dismissed.

As to the two remaining counts, Counts VII and VIII, the trustee seeks to impose a constructive trust against the Property. "A constructive trust generally arises to restore property to its rightful owner and to prevent unjust enrichment when it is against equity for a person to retain property obtained by fraud or other questionable means." In re Woolum, 279 B.R. 865, 869-870 (Bankr.M.D.Fla.2002) (citing Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir.1994); Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp., 710 F.2d 1528, 1541 (11th Cir.1983)). In order to establish a constructive trust, the plaintiff must both allege and prove that the necessary elements for the imposition of a constructive trust. Specifically, the plaintiff must demonstrate: (1) a promise, express or implied; (2) a transfer of the property based upon this promise; (3) a confidential relationship; and (4) unjust enrichment. Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1025 (Fla. 4th DCA 1996). None of these elements are pled in the Amended Complaint. As such, the plaintiff has failed to state a cause of action to establish a constructive trust against the Property. Counts VII and VIII asserting a constructive trust shall be dismissed.

Accordingly, a separate order consistent with this Memorandum Opinion shall be entered which partially grants and partially denies the defendant's Motion to Dismiss Amended

Complaint (Doc. No. 24). Counts V through VIII of the Amended Complaint shall be dismissed. The adversary proceeding will continue forward to address Counts I through IV. A pretrial conference is scheduled for **10:00 a.m. on December 14, 2006**.

DONE AND ORDERED in Orlando, Florida, on the 27th day of November, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  John Robert Cameron, 15 St. Andrews Court, Palm Coast, FL  32137

Debtor's Attorney:  Jonathan B. Alper, 274 Kipling Court, Heathrow, FL  32746

Plaintiff:  Carla Musselman, Trustee, 1619 Druid Road, Maitland, FL  32751

Plaintiff's Attorney:  Richard B. Webber, II, 320 Maitland Avenue, Altamonte Springs, FL 32701

Defendant:  Kimberly Ann Cameron, 15 St. Andrews Court, Palm Coast, FL  32137

Defendant's Attorney:  David S. Cohen, 5728 Major Blvd., Suite 550, Orlando, FL  32819