UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOHN ROBERT CAMERON, | ) | Case No.  6:05-bk-10631-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | | |
| CARLA P. MUSSELMAN, Chapter 7 Trustee, | ) ) | |
| | ) | Adversary No. 6:06-ap-80 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| KIMBERLY ANN CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION GRANTING
MOTION TO DISSOLVE LIS PENDENS

This adversary proceeding came on for hearing on September 21, 2006, on the

defendant's Motion to Dissolve Lis Pendens or Alternatively Motion to Require Bond (Doc. No.

25).  In this adversary proceeding, the Chapter 7 trustee, Carla P. Musselman, seeks to impose

either an equitable lien or a constructive trust against property owned by the defendant and

located at 111 Bonita Street, Placida, Florida, and at 4 Windward Place, Cape Haze, Florida (the

"Property").

In connection with these requested equitable and constructive liens, the trustee has filed a

Notice of Lis Pendens in the public records of the applicable counties to preclude the defendant

from transferring or otherwise encumbering the Property.  The defendant argues this Lis Pendens

is premature and improper.  The Court agrees.

At this juncture, the trustee has only filed this adversary proceeding asserting claims

against the defendant.  The claims raised in the adversary proceeding include four counts of

fraudulent transfer, asserting that the defendant received cash or monies from her husband which she used to buy the Property.  However, the trustee has no special right, title, or interest in the Property unless and until a fraudulent transfer judgment is entered and the transfer is avoided.

Moreover, pursuant to a separate order simultaneously entered with this Memorandum Opinion, the Court has dismissed all counts asserted by the Chapter 7 trustee seeking to impose a constructive trust or equitable lien.  The Chapter 7 trustee's Amended Complaint now consists only of the fraudulent transfer counts.  As such, it would be improper to allow the Lis Pendens to remain in place during the pendency of this litigation.  The result is no different than any other action where parties are required to wait until after a judgment is entered to pursue collection rights and remedies.  Prejudgment collection actions and limitations are sparingly entered and only in appropriate cases. Cf., BGJ Associates, LLC v. Superior Court, (1999) 75 Cal. App. 4th 952, 966-967, 89 Cal.Rptr.2d 693, 702 ("Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged. Accordingly, lis pendens is a provisional remedy which should be applied narrowly.") An action for money only, even if it relates to specific real property, will not support a lis pendens. Cf. Tortu v. Tortu, 430 So.2d 531, 532 (Fla. App. 4 Dist.1983) ("[I]t is axiomatic that a complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens.") (internal quotations and citations omitted).

The trustee has demonstrated no basis to vary from the normal rules of collection and has shown no basis for the extraordinary imposition of a prejudgment remedy.  Moreover, the Court notes that the entry of a Lis Pendens is subject to the governance of the applicable court. Cf., Lennar Florida Holdings, Inc. v. First Family Bank, 660 So.2d 1122 (Fla. Dist. Ct. App. 5th Dist. 1995) (A court may control or discharge a notice of lis pendens as it may grant or dissolve

injunctions if the initial pleading does not show that the action is founded on a duly recorded instrument or a mechanic's lien).  In this case, the Court finds that the filing of the Lis Pendens is improper and premature.  Dissolution of the Lis Pendens is appropriate.  Accordingly, the Court will enter a separate order consistent with this Memorandum Opinion which grants the defendant's Motion (Doc. No. 25) and dissolves the underlying Lis Pendens.

DONE AND ORDERED in Orlando, Florida, on the 27th day of November, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  John Robert Cameron, 15 St. Andrews Court, Palm Coast, FL  32137

Debtor's Attorney:  Jonathan B. Alper, 274 Kipling Court, Heathrow, FL  32746

Plaintiff:  Carla Musselman, Trustee, 1619 Druid Road, Maitland, FL  32751

Plaintiff's Attorney:  Richard B. Webber, II, 320 Maitland Avenue, Altamonte Springs, FL  32701

Defendant:  Kimberly Ann Cameron, 15 St. Andrews Court, Palm Coast, FL  32137

Defendant's Attorney:  David S. Cohen, 5728 Major Blvd., Suite 550, Orlando, FL  32819